982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas STREUFERT, Plaintiff-Appellee,
v.
CITY OF FORT COLLINS, COLORADO; Fort Collins Police
Department, sued as: Police Department of the City of Fort
Collins, Colorado; Ernie Tellez, as an officer of the City
of Fort Collins Police Department, Defendants,
and
Ernie Tellez, in his individual capacity, Defendant-Appellant.
 No. 91-1333.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Ernie Tellez appeals from the district court's denial of his summary judgment motion, in which he claimed qualified immunity from suit. The district court refused to grant defendant's motion because it found that there were material issues of fact regarding defendant's entitlement to qualified immunity which remained in dispute.
 
 
 3
 This action arises out of events occurring on the evening of February 11, 1989. The defendant was at a Fort Collins bar in his official capacity as a Fort Collins, Colorado, police officer. The plaintiff and his wife were at the same bar on the same evening. At closing time, the defendant arrested the plaintiff for harassment after witnessing a series of events in which the plaintiff was involved. The plaintiff claims that the defendant is not entitled to qualified immunity because there are material questions of fact as to whether the defendant had probable cause to arrest the plaintiff.
 
 
 4
 When a district court's denial of a qualified immunity summary judgment motion is " 'grounded upon a finding that disputed material facts exist in the case,' " an interlocutory appeal may be taken. Stewart v. Donges, 915 F.2d 572, 579 (10th Cir.1990) (quoting DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 719 (10th Cir.1988)). When a defendant asserts the defense of qualified immunity, the plaintiff must establish that the defendant "violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Id. at 579-80 (quoting Powell v. Mikulecky, 891 F.2d 1454, 1456 (10th Cir.1989)). Further, the defendant bears the normal summary judgment burden of showing that no material facts exist which would defeat the claim of qualified immunity only after the plaintiff has shown violation of a clearly established right. Id. at 580. In this case, there is no question that plaintiff had a clearly established right not to be the subject of a warrantless arrest without probable cause, Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir.1985), and, in denying summary judgment, the district court must have implicitly determined that the "plaintiff had carried his initial burden of alleging conduct in violation of clearly established law." Stewart, 915 F.2d at 580. Consequently, the defendant, as summary judgment movant, must "demonstrate that no material issues of fact remain as to whether the defendant's actions were objectively reasonable in light of the law and the information the defendant possessed at the time of his actions." Salmon v. Schwarz, 948 F.2d 1131, 1136 (10th Cir.1991).
 
 
 5
 The defendant is entitled to qualified immunity if a reasonable police officer could have believed, in light of clearly established law and the information possessed by him at the time, that probable cause existed to arrest the plaintiff. Hunter v. Bryant, 112 S.Ct. 534, 536-37 (1991). Further, even if the defendant erred in concluding that he had probable cause to make the warrantless arrest, he would be entitled to immunity if his belief was reasonable. Id. at 537. Margin for reasonable error by the officer exists because " 'officials should not err always on the side of caution' because they fear being sued." Id. (quoting Davis v. Scherer, 468 U.S. 183, 196 (1984)).
 
 
 6
 Even viewing the evidence in the light most favorable to the plaintiff, we hold that the defendant's actions were objectively reasonable in light of the law and the information he possessed at the time of his actions. Consequently, the defendant is entitled to qualified immunity. At the very least, the undisputed facts show that the defendant observed the plaintiff holding onto a woman's hand as they left the bar at closing time. The woman was very intoxicated, she was falling and stumbling as they walked, and the plaintiff did not stop to allow the intoxicated woman to regain her balance or composure. Further, the defendant got the impression, from all that he observed, that the plaintiff was not happy with the woman. They reached two steps and the woman, while still in the half falling-half walking state, lunged down the stairs. She twisted during the fall, landing on her back. At that point, the defendant approached the fallen woman and the plaintiff, who was now at the bottom of the steps, and arrested the plaintiff for harassment.[1] We also hold that the defendant's actions were objectively reasonable in charging the plaintiff with resisting arrest, especially in light of the fact that the plaintiff himself admitted that he was jostling and wriggling when the defendant and another officer were attempting to arrest him for harassment.
 
 
 7
 The judgment of the United States District Court for the District of Colorado is REVERSED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pursuant to Colo.Rev.Stat. § 18-9-111(1), an individual is guilty of harassment if he:
 ... with intent to harass, annoy, or alarm another person, he:
 (a) strikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact; ....